IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM HAGOOD, )<br>a/k/a, BADGER CLAW, #156026X, )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br> )<br>CHRIS SUMMERS, *et al.*, )<br> )<br> Defendants ) | CIVIL ACTION NO. 2:09-CV-256-MEF<br>[WO] |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, William Hagood ["Hagood"], a state inmate, challenges actions taken against him at the Holman Correctional Facility. Specifically, Hagood complains that correctional officials at the aforementioned facility have denied him the right to practice his religion.

Upon review of the factual allegations presented in the complaint and in light of applicable federal law, the court concludes this case should be transferred prior to service of process to the United States District Court for the Southern District of Alabama in accordance with the directives of 28 U.S.C. § 1404.[1]

---

[1] Attached to the plaintiff's complaint is an affidavit in support of a request for leave to proceed *in forma pauperis*. However, in light of the April 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, this court makes no determination with respect to such request as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.

## DISCUSSION

A civil action filed under authority of 42 U.S.C. § 1983 "may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

The only properly named defendants reside in the Southern District of Alabama. It is likewise clear from the plaintiff's recitation of facts that only correctional officials assigned to Holman Correctional Facility are personally involved in the alleged constitutional violations made the basis of the instant complaint. Moreover, all of the claims presented in the complaint relate to actions undertaken at this institution which is located within the jurisdiction of the United States District Court for the Southern District of Alabama. Thus, it is clear that the witnesses and evidence associated with this case are located in the Southern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District

Court for the Southern District of Alabama for review and determination.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that on or before **April 9, 2009**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d

---

[2] In transferring the present case, this court makes no determination with respect to the merits of the plaintiff's claims for relief. The court also defers issuing a ruling on the plaintiff's motion for preliminary injunction as such motion is more appropriately addressed by the United States District Court for the Southern District of Alabama.

33 (11ᵗʰ Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11ᵗʰ Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of March, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE